Lillian Lyons WILLIAMS, etc., Appellants,

v.

Honorable Paul RATCLIFFE, County Judge, Appellee.

Court of Appeals of Kentucky.

April 29, 1966.

James E. Thornberry, Louisville, C. Boyd Green, Shelbyville, for appellants.

J. F. Thomas, Thomas & Thomas, New Castle, for appellee.

HILL, Judge.

Joe Lyons, a resident of Shelby County, died March 8, 1963. After nominating his wife, Anna Katherine Lyons, as the executrix of his will, he further provided in the will that:

"In the event that my wife, Anna Katherine Lyons, predeceases me, or is otherwise unable to act as Executrix, then I hereby nominate and appoint my following children, Prentice Lyons, Jewell Lyons, Willa D. Lyons Sharp, Clay Lyons, Lillian Lyons Williams, and Daisy Lyons Martin to be the Executors or Executrices of this my last will and testament * * *."

The widow, Anna Katherine Lyons, qualified as executrix under the will and filed and caused to be approved a final report with the county court of Shelby County. She died testate December 1, 1964, a resident of Jefferson County, Kentucky, leaving her entire estate to appellants, Lillian Lyons Williams and Daisy Lyons Martin. Although it is unimportant to a determination of this appeal, Joe Lyons' will contained this provision:

"I give, bequeath and devise all of my property, both real and personal, whatever kind and wherever situated to my wife, Anna Katherine Lyons, for her to have and use as she sees fit, with full power to sell, transfer and convey any or all of said property. However, at the time of her death, if there is any of my property remaining I give and devise such remainder to my eight children, Ray Lyons, Prentice Lyons, Jewell Lyons, Willa D. Lyons Sharp, Clay Lyons, Josephine Lyons Nethery, Lillian Lyons Williams and Daisy Lyons Martin, to be theirs in equal shares * * *."

On December 9, 1964, appellants, Lillian Lyons Williams and Daisy Lyons Martin, qualified in Jefferson County Court as executrices of the estate of Anna Katherine Lyons.

On January 26, 1965, the appellee, Honorable Paul Ratcliffe, county judge of Shelby County appointed Clay Lyons, Prentice Lyons, Willa D. Sharp, Daisy Lyons Martin, Lillian Lyons Williams and Jewell Lyons as joint "administrators de bonis non" of the estate of Joe Lyons. Appellants in their capacity as executrices of Anna Katherine Lyons' estate filed this action in the Shelby Circuit Court seeking to enjoin appellee as such county judge from enforcing the order appointing the above named children as such "administrators." They contend appellee was powerless to appoint an "administrator de bonis non" after the filing and approval of the final report of Anna Katherine Lyons as the first personal representative of the estate of Joe Lyons. KRS 395.060 and 395.070 are cited as authority.

The judgment appealed from denied the relief sought by appellants and upheld the order of the Shelby County Court. Appellants sue in their capacity as joint-executrices of the estate of Anna Katherine Lyons to prevent the appointment of the personal representative of the estate of Joe Lyons; as such, they have no interest in the estate of Joe Lyons and do not establish a claim for relief. If appellants had any justiciable interest at all in the matter they could have pursued it by appeal under KRS 23.030.

It is provided by KRS 395.050 that:

"If no executor is appointed by the will, *or if all the executors named in the*

*will die*, refuse the executorship or fail to give bond the court may grant administration with the will annexed to the person who would have been entitled to administration if there had been no will, * * *." (Emphasis added)

Notwithstanding the filing and approval of a final report by Anna Katherine Lyons, we cannot question in this proceeding the power of the county judge to appoint "administrators de bonis non" for the estate of Joe Lyons. There may have been other assets of his estate not administered in the final report, or other assets may have turned up after the death of Anna Katherine Lyons. This record does not illuminate these questions.

The judgment is affirmed.